# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

RONALD SANDERS,

        **Plaintiff,**

v.                                                   **Civil Action No. 3:10cv113**
                                                     **(Judge Bailey)**

TERRY O'BRIEN, et al.,

        **Defendants.**

### OPINION/REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR
### INJUNCTIVE RELIEF

The *pro se* plaintiff initiated this civil rights action on November 2, 2010. In the complaint, the plaintiff, a federal inmate, makes serious allegations of medical malpractice and deliberate indifference to his serious medical needs. Accordingly, on November 8, 2010, the undersigned directed the defendants to file an expedited answer. The docket reflects that the defendants were served process on November 9, 2010, and that their answer is therefore due on November 30, 2010. This case is before the Court on the plaintiff's Motion for Injunction Order.

In the motion, the plaintiff asserts that since the filing of this case, the defendants have retaliated against him and threatened to transfer him to another facility. He therefore seeks an Order from this Court which prohibits the defendants from retaliating against him and prohibits the Bureau of Prisons from transferring him during the pendency of this action.

The standard for granting injunctive relief in this circuit is set forth in <u>Real Truth About Obama, Inc. v. Federal Election Comm'n</u>, 575 F.3d 342 (4th Cir.2009). As articulated in <u>Real Truth</u>,

before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In this case, the plaintiff cannot establish that he is entitled to the specific injunctive relief sought for two reasons. First, he cannot show that he is likely to succeed on the merits of those claims. With regard to his claims of retaliation, those claims are not properly raised in this case. Whether the defendants have retaliated against the plaintiff for the filing of this suit is a separate and distinct claim from the ones raised in the complaint. Since the alleged retaliation has occurred only since the filing of this case, those claims cannot possibly be fully and completely exhausted, a pre-requisite to raising those claims in federal court. Moreover, with regard to the plaintiff's request that the Court prohibit the Bureau of Prisons from transferring him to another facility, this Court does not have that authority. See Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also, 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement). Second, the Court notes that the plaintiff does not assert, much less mention, that he will suffer irreparable harm if an injunction does not issue. Accordingly, the undersigned recommends that the plaintiff's Motion for Injunction Order (dckt. 17) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

     The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record as applicable.

     DATED: November 29, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE