**RONALD SANDERS,**

    **Plaintiff**,

**v.**                                                    **Civil Action No.  3:10cv113**
                                                          **(Judge Bailey)**

**TERRY O'BRIEN, WALTER DOBUSHAK,**
**INERIO ALARION, MR. AHSZUMMA,**
**MR. WEAVER AND MR. BOYLES,**

    **Defendants.**


### OPINION/REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The *pro se* plaintiff initiated this civil rights action on November 2, 2010.  Because of the

alleged exigent circumstances, on November 8, 2010, the defendants were directed to file an

expedited answer.  Pursuant to the executed returns of service, an answer was due on December 1,

2010.[1]  On November 29, 2010, the defendants filed a Motion to Dismiss or for Summary Judgment

and Response to Show Cause Order.  This case is before the Court on the plaintiff's Motion for

Entry of Default Judgment.

In the motion, the plaintiff asserts that the defendants were required to respond to the

---

[1]Although the individual defendants were all served on November 9, 2010, the return receipt for the United States Attorney for the Northern District of West Virginia shows a service date of November 10, 2010.  Pursuant to Rule 12(a)(3) of the Federal Rules of Civil Procedure, the defendants answer was due 21 days from the date the individual defendants were served, or the date the United States Attorney was served, whichever was later.  In this case, the United States Attorney was served after the individual defendants, therefore, their response time runs from November 10, 2010.

complaint by November 30, 2010. He further asserts that since the defendants have failed to plead or otherwise defend the complaint, he is entitled to a default judgment.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e). In this case, the defendants filed a timely response to the complaint. Even if they had not, because they are federal employees, default judgment would not be appropriate unless the plaintiff had established a right to relief by evidence satisfactory to the court. As the plaintiff has failed to do so at this time, default judgment is not appropriate. Accordingly, the undersigned recommends that the plaintiff's Motion for Entry of Default Judgment [dckt. 31] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections will result in the waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record

via electronic means.

DATED: December 7, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE